UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JEFFREY JANOVER,

                Plaintiff,

      - against -

RYDER SYSTEMS, INC.,

                Defendant.

----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

1:05-cv-2841-ENV-MDG

VITALIANO, D.J.

I. *Background*

Plaintiff Jeffrey Janover is an employee of the New York Daily News. He works as a newspaper deliverer, driving a truck and delivering newspapers on a set route. All trucks used in the performance of such duties by Daily News employees are both owned and maintained by defendant Ryder Systems, Inc.

In 2002, Janover regularly drove delivery truck #186. However, on September 5, 2002, truck #186 was out for repair and Janover drove truck #113 for the first time. Janover began his shift at about 2:00 a.m. by turning on the truck's headlights and inspecting the truck. He did not observe anything out of the ordinary. Janover then delivered newspapers throughout the early morning hours. After reaching approximately his 65th of 80 delivery stops at 7:30 a.m., Janover allegedly fell while entering truck #113 due to a missing portion of a metal step that led to the cab of the truck. Plaintiff alleges that the fall caused serious injuries to his neck and back.

Truck #113 was different from the truck that Janover regularly drove and from other trucks in the fleet because the configuration of steps leading to the truck's cab area had been

modified. Although truck #113, like the other trucks, had three steps leading to the cab area, the middle step did not extend the full length of the lowest step. Instead, the middle step was roughly one-third the length of the bottom step; enough to fit one foot on.

The parties agree that the middle step of truck #113 was modified for the convenience of its original driver, who is now deceased. There is no direct evidence showing who modified the step, though defendant was responsible for the truck's maintenance and ordinary repairs. A Daily News fleet manager testified that if Ryder had performed such a modification, it would have been done as a "favor" to the driver. As part of its maintenance duties, in any case, Ryder was responsible for checking each truck from bumper to bumper for defects.

II.  *Discussion*

Under the Federal Rules of Civil Procedure, a court may grant summary judgment upon finding that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact. Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005). In determining whether the moving party has met its burden, the Court construes all evidence in a light most favorable to the nonmoving party, resolving all ambiguities and drawing all factual inferences in that party's favor. McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006). The Court will not weigh the evidence or assess the credibility of witnesses. Hayes v. New York City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996). If the moving party makes a prima facie showing that summary judgment is warranted, the nonmoving party must put forth "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). In so doing, the nonmoving party may not rely on conclusory allegations or speculation. Golden

Pac. Bancorp v. FDIC, 375 F.3d 196, 200 (2d Cir. 2004)

"To make out a prima facie case of negligence in a slip-and-fall case, a plaintiff must demonstrate that the defendant either created or had actual or constructive notice of the condition which caused the accident." Izrailova v. Rego Realty, LLC, 309 A.D.2d 902, 902, 766 N.Y.S.2d 91, 91 (2d Dep't 2003) (citations omitted). Defendant contends that summary judgment is warranted because there is no evidence that it created or had notice of the step's condition. Defendant cites Lepore v. Ryder Truck Rental, Inc., 23 A.D.3d 352, 806 N.Y.S.2d 66 (2d Dep't 2005), a case in which summary judgment was granted for Ryder where it lacked notice of an allegedly defective truck step, which broke when the plaintiff stepped onto it. Here, however, the step did not break when Janover stepped onto it. Instead, Janover alleges to have fallen because of a modification which existed in an observable state for some time prior to Janover's incident. A rational jury could conclude that defendant had notice of the modification since it inspected each truck daily as part of its maintenance duties. Thus, if the modification of the step created a defective condition, there exists a genuine issue of material fact as to notice.

Defendant next contends that, as a matter of law, the modification to the truck's middle step could not constitute a dangerous condition because Janover has failed to offer any evidence that the missing step violated a specific industry standard, code, or statute. However black letter-sounding is defendant's proposition, the moving papers fail to cite a single decision in support of it. For, while the absence of such a violation might be probative of due care, especially where there are specific safety regulations dealing with the subject matter in issue, e.g., indoor stairways subject to extensive building code regulations, it is hardly dispositive as a matter of law. See, e.g., Kellman v. 45 Tiemann Assocs., Inc., 87 N.Y.2d 871, 872, 638 N.Y.S.2d 937, 938 (1995)

3

(compliance with statutes is not dispositive on question of whether defendant satisfied common law duties); Lamuraglia v. New York City Transit Auth., 299 A.D.2d 321, 324, 749 N.Y.S.2d 82, 86 (2d Dep't 2002) (employer's compliance with road work safety regulations did not preclude claim for unsafe work environment); Lugo v. LJN Toys, Ltd., 146 A.D.2d 168, 171, 539 N.Y.S.2d 922, 924 (1st Dep't 1989), aff'd, 75 N.Y.2d 850, 552 N.Y.S.2d 914 (1990) (compliance with federal toy safety regulations does not offer absolution to claim of negligence as a matter of law). Here, there is a genuine issue of material fact as to whether removing two-thirds of a step that leads to the cab of a truck constitutes a dangerous condition, especially when every other truck in the fleet has not been so modified. Indeed, a jury could reasonably conclude that such a modification creates a hazardous and defective condition for drivers accustomed to having full steps outside of their truck's cab area.

Defendant lastly contends that even if the modified middle step constituted a dangerous condition, summary judgment is appropriate because the condition was open and obvious. Defendant argues that the modified step was readily observable, especially to Janover who fell on approximately his 65th delivery stop of the day. However, "proof that a dangerous condition is open and obvious does not preclude a finding of liability against [the owner of property] for the failure to maintain the property in a safe condition but is relevant to the issue of the plaintiff's comparative negligence." Cupo v. Karfunkel, 1 A.D.3d 48, 52, 767 N.Y.S.2d 40, 43 (2d Dep't 2003); MacDonald v. City of Schenectady, 308 A.D.2d 125, 127, 761 N.Y.S.2d 752, 754 (3d Dep't 2003). Thus, as to defendant's duty to maintain the truck in a reasonably safe condition, summary judgment is not appropriate even if the Court were to conclude that the defective condition alleged here was open and obvious.

As opposed to claims that defendant breached its duty to maintain property in a reasonably safe condition, claims that a defendant breached its narrower duty to warn of an alleged dangerous condition may in some cases be resolved on summary judgment if the alleged dangerous condition is open and obvious. See Cupo, 1 A.D.3d at 51, 767 N.Y.S.2d at 42-43; MacDonald, 308 A.D.2d at 126, 761 N.Y.S.2d at 753. Nonetheless, judicial determination of a claim of failure to warn in this context is still highly unusual because the determination of "whether a danger is open and obvious is most often a jury question." Liriano v. Hobart Corp., 92 N.Y.2d 232, 242, 677 N.Y.S.2d 764, 770 (1998). The evidence is clear that the modification of truck #113 was unique and plaintiff attests to being unaware of the step's condition from his lone nighttime inspection and use of the truck. As Liriano suggests, the Court concludes that there is a genuine issue of material fact as to whether the condition was open and obvious which requires resolution by a jury and not by the Court as a matter of law. Therefore, summary judgment on plaintiff's failure to warn claim is also inappropriate.

III.   *Conclusion*

For the foregoing reasons, defendant's motion for summary judgment is denied in its entirety.

**SO ORDERED.**

DATED:   Brooklyn, New York
         August 4, 2006

_____
ERIC N. VITALIANO
United States District Judge